S. C. CLAYMAN v. CITY OF BARTLESVILLE.

No. A-3781.   Opinion Filed March 29, 1922.
(205 Pac. 509.)

Appeal from County Court, Washington County; Robert D. Waddill, Judge.

S. C. Clayman was found guilty of violating a city ordinance and sentenced to jail in default of payment of a fine of $5 and costs, and he appeals. Reversed.

Arthur Fitzpatrick, for plaintiff in error.

PER CURIAM. This is an appeal from a conviction in which L. U. Gaston made complaint in the municipal court of the city of Bartlesville, charging that S. C. Clayman, the plaintiff in error, on the 3d day of August, 1919, violated amended ordinance No. 580 of said city by operating a picture show on Sunday. On the same day a warrant was issued for the arrest of the plaintiff in error, upon which he was arrested and forthwith brought into the municipal court and there entered his plea of not guilty. On the day following, August 4, 1919, plaintiff in error was brought into court and placed upon trial. A jury was demanded, and the cause was thereupon ordered sent to the county court, where the cause was entered and docketed as case No. 1383.

On December 9, 1919, the cause came on for hearing in the county court, where it was tried to a jury of six men, resulting in a verdict of guilty, in which the punishment was fixed at a fine of $5 and costs in both courts. Judgment was rendered upon the verdict, assessing a fine of $5 against plaintiff in error, and that in default of payment of the fine he should be confined in the county jail of Washington county until the fine and costs should be paid, or until plaintiff in error should have been confined in said county jail one day for each one dollar of such fine and costs. From this judgment and sentence

plaintiff in error appeals, alleging, among other things, that amended ordinance No. 580 of the city of Bartlesville is unconstitutional and void. This ordinance provides for a fine in any sum not more than $50 nor less than $5, together with the costs of the action.

It was recently held by this court in the case Ex parte Mrs. Chas. Daugherty and J .R. Reed, 21 Okla. Cr. 56, 204 Pac. 937, that a justice of the peace or county court is without jurisdiction to try municipal offenses. Adhering to the doctrine announced, and discussed at length, in the Daugherty-Reed Case, supra, the judgment of the trial court is reversed, with instructions to discharge the plaintiff in error.